**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS DIVISION**

**CASE NO.: 1:26-cv-03221**

MARCO VERCH,

Plaintiff,

v.

SYNCWAVE, LLC,

Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this Complaint against Defendant SYNCWAVE, LLC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information ("CMI") .

2. Marco Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

3. Defendant SYNCWAVE, LLC ("SyncWave") is an information technology and telecommunications company that provies internet, VoIP phone systems, network consulting, IT

support, surveillance systems, and wireless networking services for both residential and business customers. At all times relevant herein, SyncWave owned and operated the internet website located at the URL https://www.facebook.com/SyncWave (the "SyncWave Facebook Page").

4. Verch alleges that SyncWave copied Verch's copyrighted Work from the internet in order to advertise, market and promote its business activities. SyncWave committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the SyncWave's business.

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. SyncWave is subject to personal jurisdiction in Michigan.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, SyncWave engaged in infringement in this district, SyncWave resides in this district, and SyncWave is subject to personal jurisdiction in this district.

**DEFENDANT**

9. SyncWave, LLC is a Michigan Limited Liability Company, with its principal place of business at 499 W US Highway 10-31, Scottville, Michigan, 49454, and can be served by serving its Registered Agent, Terri Manning, at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2021, non-party Golib Tolibov created the photograph entitled "Merry Christmas card on red background," which is shown below and referred to herein as the "Work."




11. Verch is the owner of the Work by written agreement.

12. Verch registered the Work with the Register of Copyrights on February 19, 2022 as part of a group registration. The Group Registration was assigned registration number VA 2-293-017. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Verch makes his work available via Flickr and a Creative Commons 2.0 License.

14. Verch published the Work on or about August 23, 2021, by displaying it on Flickr at the internet URL https://ccnull.de/foto/merry-christmas-card-on-red-background/1087517.

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

[1] https://creativecommons.org/licenses/by/2.0/

17. Verch's display of the Work on Flickr also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

18. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Verch was the owner of the copyrighted Work.

## INFRINGEMENT BY SYNCWAVE

20. SyncWave has never been licensed to use the Work for any purpose.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, SyncWave copied the Work.

22. On or about November 11, 2023, Verch discovered the unauthorized use of his Work on the SyncWave Facebook Page.

23. SyncWave copied Verch's copyrighted Work without Verch's permission.

24. After SyncWave copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its information technology business.

25. SyncWave copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

26. SyncWave committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. Verch never gave SyncWave permission or authority to copy, distribute or display the Work for any purpose.

28. Verch notified SyncWave of the allegations set forth herein on October 30, 2025 and January 09, 2026. To date, the parties have failed to resolve this matter.

29. When SyncWave copied and displayed the Work, SyncWave failed to provide attribution as required by the CC 2.0 license.

30. SyncWave's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

31. Verch never gave SyncWave permission or authority to remove CMI from the Work.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

32. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Verch owns a valid copyright in the Work.

34. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. SyncWave copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

36. SyncWave performed the acts alleged in the course and scope of its business activities.

37. Defendant's acts were willful.

38. Verch has been damaged.

39. The harm caused to Verch has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

40. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Work at issue in this case requires attribution and contains CMI.

42. SyncWave knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on the SyncWave Facebook Page, without any of the attributions in violation of 17 U.S.C. § 1202(b).

43. SyncWave distributed the Work to the SyncWave Facebook Page knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

44. SyncWave committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

45. SyncWave caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

46. Verch has been damaged.

47. The harm caused to Verch has been irreparable.

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against the Defendant SYNCWAVE, LLC that:

a. SyncWave and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. SyncWave be required to pay Verch his actual damages and Defendant's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Verch be awarded pre- and post-judgment interest; and

e. Verch be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Verch hereby demands a trial by jury of all issues so triable.

Dated: November 10, 2026

Respectfully submitted,

*/s/ J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 38279-49
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
742 South Rangeline Road
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Marco Verch*